IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRUCE W. DUNCAN,

    Plaintiff,

vs.                                CASE NO. 4:06cv583-MP/WCS

MICHAEL J. ASTRUE,[1]
**Commissioner of Social Security,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and local rule 72.2(D). It is recommended that the decision of the Commissioner be reversed and remanded for further consideration.

**Procedural status of the case**

Plaintiff, Bruce W. Duncan, applied for disability insurance benefits. Plaintiff was 42 years old at the time of the administrative hearing, has a college degree, and has

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007, and is automatically substituted as Defendant. FED. R. CIV. P. 25(d).

past relevant work as a pharmaceutical sales representative.  Plaintiff alleges disability due to the effects of multiple sclerosis, neck pain, and back pain.  The Administrative Law Judge found that Plaintiff has the residual functional capacity to do a limited range of sedentary work.  R. 20.  It was further found that Plaintiff could perform the jobs of information clerk and telephone solicitor.  Accordingly, it was found that Plaintiff was not disabled as defined by Social Security law.  R. 22.

**Legal standards guiding judicial review**

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  "The Commissioner's factual findings are conclusive if supported by substantial evidence."  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).  "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it."  Phillips v. Barnhart, 357 F.3d 1232, 1240, n. 8 (11th Cir. 2004) (citations omitted).  The court must give "substantial deference to the Commissioner's decision."  Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).  "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ.  A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." Tieniber

v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' " Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Both the "impairment" and the "inability" must be expected to last not less than 12 months. Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

The Commissioner analyzes a claim in five steps. 20 C.F.R. § 404.1520(a)-(f):

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits.  A positive finding at step three results in approval of the application for benefits.  At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work.  If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy.  Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

**Analysis**

The central issue is whether the Commissioner has adequately considered the fatigue that Plaintiff experiences as a consequence of multiple sclerosis.  Plaintiff said:

> The constant pain coupled with the fatigue from the [concomitant] multiple [sclerosis] really drains what ever energy is left after not getting enough rest the previous night.

R. 132.

Plaintiff contends that the opinion of his treating physician, Enrique Fernandez, M.D., as to the effects of fatigue was overlooked and, therefore, not given sufficient weight.  Doc. 13, p. 2.  Defendant counters that the Administrative Law Judge relied upon Dr. Fernandez's opinion that Plaintiff can sit without limitation for an entire 8 hour day, finding that he could still do some forms of work.  Doc. 15, p. 3, referencing R. 250.

Dr. Fernandez was Plaintiff's treating neurologist.  Plaintiff saw Dr. Fernandez on June 21, 2002, reporting that fatigue was a major problem.  R. 179.  Dr. Fernandez

noted that for the prior six months, Plaintiff had developed a "stumbling gait." *Id.* He had difficulty walking, particularly if objects were in the way. *Id.* He suffered numbness in his arms and legs, and experienced burning feet at night. *Id.* The diagnosis was multiple sclerosis, neck pain, and back pain. R. 180.

On October 30, 2002, Dr. Fernandez wrote that Plaintiff returned for treatment for multiple sclerosis. R. 178. Plaintiff reported that he was taking Provigil, but it "was not working; by 12 noon he is very fatigued." *Id.* Provigil was discontinued, and other medications were initiated, included Metadate. *Id.* Plaintiff was to return in four or five months. *Id.*

Plaintiff was seen again on March 18, 2003, in the office of Dr. Fernandez by Andrea Moody, RN. R. 177. She wrote that the Metadate helped, "but wears off about midday." R. 176. Plaintiff again reported having problems with fatigue. *Id.* Metadate was discontinued and Betaserone was continued. R. 177.

Dr. Fernandez again saw Plaintiff on September 4, 2003. R. 174. He found that "fatigue continues to be a problem." *Id.* He wrote: "The Concerta is not helping (54 mg). [B]y 2 hours he is back to sleep." *Id.* Adderall was prescribed for fatigue. *Id.* Plaintiff was to return in nine months. *Id.*

On November 10, 2003, Dr. Fernandez filled out a residual functional capacity form. R. 249-252. Dr. Fernandez expressed the opinion that Plaintiff had a number of limitations (only able to carry less than 10 pounds occasionally, stand or walk for less than 2 hours in an 8 hour day), but he said that Plaintiff's ability to sit for an 8 hour days was not affected. R. 250, 249.

On November 15, 2003, Dr. Fernandez filled out another opinion form, stating that Plaintiff suffered from fatigue. R. 172. He said that multiple sclerosis was a reasonable medical basis for Plaintiff's fatigue. *Id*. Dr. Fernandez said that Plaintiff's fatigue was "disabling to the extent it would prevent the patient from working full time at even a sedentary position." *Id*.

Another opinion from a treating source was provided by Moritz E. Dehler, M.D., who is Plaintiff's primary care physician, on November 4, 2003. R. 199. Dr. Dehler wrote:

> Bruce continues to suffer with chronic cervical and lumboscacral pain. In addition, his multiple sclerosis seems to be worsening slowly and progressively. In the last year his incontinence of urine and bowel control has continued, as has his lower extremity numbness, stumbling and short-term memory difficulties. This has caused some insomnia as well. He has developed arthritis in both of his wrists clinically with worsening of fine motor skills involving his right hand. His prognosis is guarded.

R. 199. Dr. Dehler completed the same form as was completed by Dr. Fernandez, and he likewise felt that due to the progression of Plaintiff's multiple sclerosis, fatigue would prevent him from working full time even in a sedentary position. R. 200. Additionally, Dr. Dehler found that Plaintiff's ability to balance was slowly worsening. *Id*.

It is a familiar rule that the opinion of a claimant's treating physician must be accorded considerable weight by the Commissioner unless good cause is shown to the contrary. <u>Lewis v. Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997). The reasons for giving little weight to the opinion of a treating physician must be supported by substantial evidence. <u>Marbury v. Sullivan</u>, 957 F.2d 837, 841 (11th Cir. 1992).

The Administrative Law Judge noted the finding of Dr. Fernandez that Plaintiff has no limitations with respect to sitting and relied upon that in making the residual

functional capacity finding. R. 19-20. The Administrative Law Judge did not, however, mention Dr. Fernandez's opinion that Plaintiff could not do work in a sedentary position for an entire workday due to fatigue.

The ALJ mentioned Dr. Dehler's opinions, but did not mention the opinion as to fatigue. R. 19. The ALJ also did not explain the weight he gave to Dr. Dehler's opinions.

As a consequence of these oversights, the ALJ did not give considerable weight to the opinions of the treating physicians or set forth substantial reasons for not giving these opinions considerable weight. Muscle weakness and fatigue are symptoms of multiple sclerosis:

> Multiple sclerosis is an autoimmune disorder in which the insulating sheath surrounding nerve fibers is destroyed and replaced by scar tissue, causing nerve communication to be disrupted. Symptoms, which vary widely from person to person and from stage to stage of the disease, include muscle weakness, numbness, fatigue, loss of balance, pain, and loss of bowel and bladder control. Most often the disease remits and relapses, but it may progress without remissions or with periodic plateaus or minimal improvements. No single test confirms a diagnosis, but magnetic resonance imaging can reveal the areas of scar tissue. See SLOANE-DORLAND ANNOTATED MEDICAL-LEGAL DICTIONARY 632-33 (1987), supp. at 470-71 (1992).

Young v. Apfel, 221 F.3d 1065, 1067, n.3 (8th Cir. 2000).

> The ALJ must " 'make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.' " *Johnson v. Shalala*, 1993 U.S.Dist. LEXIS 8553 (S.D. Ala. May 27, 1993) (quoting *Welch v. Bowen*, 854 F.2d 436, 439 (11th Cir.1988)).

Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). A person might be able to sit all day, but may not be able to focus and persist upon a task (such as required to do the work of an information clerk or a telephone solicitor) due to fatigue.

Case No. 4:06cv583-MP/WCS

Consequently, this case should be remanded for reconsideration as to the effects of fatigue upon Plaintiff's ability to work, and to discuss the opinions of the treating physicians, Drs. Fernandez and Dehler, in accordance with the law of this circuit.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **REVERSED** and the case be **REMANDED** for consideration of the effects of fatigue upon Plaintiff's ability to work.

**IN CHAMBERS** at Tallahassee, Florida, on May 8, 2007.

          s/    William C. Sherrill, Jr.
          **WILLIAM C. SHERRILL, JR.**
          **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**